# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET#: **ESCV2011-01796-D**

RE:     LaPierre v City of Lawrence et al

TO:     Andrew Gambaccini, Esquire
        Reardon Joyce & Akerson PC
        4 Lancaster Terrace
        Worcester, MA 01609-3108

---

### NOTICE OF DOCKET ENTRY

You are hereby notified that on **11/29/2011** the following entry was made on the above referenced docket:

**Notice for Removal to the United States District Court filed by City of Lawrence, Chief John Romero, Kevin Sledge**
Dated at Salem, Massachusetts this 5th day of December, 2011.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 cvdgeneric_2.wpd 1070390 notusdc arenaca

ESSEX SUPERIOR COURT
**Case Summary**
**Civil Docket**

## ESCV2011-01796
## LaPierre v City of Lawrence et al

| | | | |
|---|---|---|---|
| **File Date** | 09/22/2011 | **Status** | Needs review for answers (acneansw) |
| **Status Date** | 11/04/2011 | **Session** | D - Civil-CtRm 2 (Lawrence) |
| **Origin** | 1 - Complaint | **Case Type** | E03 - Action against Commonwealth/municpl |
| **Track** | A - Average track | **Lead Case** | |

**Jury Trial** Yes

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| Served By | | | 01/20/2012 | 11/15/2012 | 09/11/2013 | 10/11/2013 | | |
| Filed By | 12/21/2011 | 01/20/2012 | 02/19/2012 | 12/15/2012 | | 11/10/2013 | | 09/06/2014 |
| Heard By | | | 03/20/2012 | 12/15/2012 | | | 03/10/2014 | |

### PARTIES

**Plaintiff**
Coeurdalene LaPierre
Haverhill, MA 01830
Active 09/22/2011

**Private Counsel 262670**
Marsha V Kazarosian
Kazarosian Law Offices
546 Main Street
Haverhill, MA 01830
Phone: 978-372-7758
Fax: 978-372-9299
Active 09/22/2011 Notify

**Defendant**
City of Lawrence
Lawrence, MA 01840
Served: 10/31/2011
Answered: 11/07/2011
Answered 11/07/2011

**Private Counsel 411670**
Anne L Randazzo
Office of the City Attorney
200 Common Street suite 306
Lawrence, MA 01840
Phone: 978-620-3030
Fax:
Active 11/07/2011 Notify

**Defendant**
Chief John Romero
Lawrence, MA 01840
Served: 10/19/2011
Answered: 11/07/2011
Answered 11/07/2011

*** See Attorney Information Above ***

**Private Counsel 654690**
Andrew Gambaccini
Reardon Joyce & Akerson PC
4 Lancaster Terrace
Worcester, MA 01609-3108
Phone: 508-754-7285
Active 11/29/2011 Notify

ATTEST
DEPUTY ASS'T CLERK

ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2011-01796
### LaPierre v City of Lawrence et al

**Defendant**
Kevin Sledge
Lawrence, MA 01840
Served: 10/17/2011
Served (answr pending) 10/24/2011

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 09/22/2011 | 1.0 | Complaint & civil action cover sheet filed |
| 09/22/2011 | | Origin 1, Type E03, Track A. |
| 10/25/2011 | 2.0 | SERVICE RETURNED (summons): Kevin Sledge, service made on 10/17/2011 (agent in charge service) |
| 10/27/2011 | 3.0 | SERVICE RETURNED (summons): Chief John Romero, service made on 10/19/2011 (in hand) |
| 11/04/2011 | 4.0 | SERVICE RETURNED (summons): City of Lawrence, service made on 10/31/2011 (agent in charge service) |
| 11/07/2011 | 5.0 | SERVICE RETURNED (summons): Kevin Sledge, service made on 10/31/2011 (in hand) |
| 11/07/2011 | 6.0 | ANSWER: City of Lawrence, Chief John Romero |
| 11/07/2011 | 7.0 | Atty Anne L Randazzo's notice of appearance for City of Lawrence, Chief John Romero |
| 11/29/2011 | 8.0 | Notice for Removal to the United States District Court filed by City of Lawrence, Chief John Romero, Kevin Sledge |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 12/28/2011 | Civil-CtRm 2 (Lawrence) | Status: Clerk Follow UP service | Event held as scheduled |
| 01/27/2012 | Civil-CtRm 2 (Lawrence) | Status: Clerk Follow UP answers | |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
DOCKET NO.

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

---

COEURDALENE LAPIERRE
  Plaintiff

v.

CITY OF LAWRENCE, CHIEF JOHN
ROMERO, and KEVIN SLEDGE
  Defendants

---

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Coeurdalene LaPierre, Plaintiff in the above-captioned matter,

("LaPierre"), by and through her attorneys, Marsha V. Kazarosian and Janet E. Dutcher of

Kazarosian Law Offices, and hereby complains against Defendants City of Lawrence, Lawrence

Police Chief John Romero, and former Lawrence Police Officer Kevin Sledge, for violations of

the Fifth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §1983,

the Massachusetts Civil Rights Act, the Massachusetts Tort Claims Act, and the common law of

the Commonwealth of Massachusetts for her damages, including but not limited to personal

injuries and mental anguish, caused by the Defendants' wrongful actions, as more particularly set

forth herein.

Further, LaPierre seeks attorneys fees and costs pursuant to the within referenced sections

of the United States Code as well as the Massachusetts Civil Rights Statute, against individual

Defendants and a municipality which promoted, fostered, encouraged, and adopted policies,

procedures, and omissions for its law enforcement officers which were the direct and proximate

cause of the intimidation, coercion, damages, physical abuse, and violations suffered by LaPierre

in violation of her rights, privileges, and immunities secured by the Constitution of the  United

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

1

States and the Commonwealth of Massachusetts.

Moreover, LaPierre seeks Punitive Damages.

<u>Parties</u>

1. Plaintiff, Coeurdalene LaPierre, ("LaPierre"), resides at 3 Hancock Street, First Floor in Haverhill, Massachusetts.

2. Defendant, City of Lawrence, ("City"), is a municipality established and existing under the General Laws of the Commonwealth of Massachusetts with its City Hall located at 200 Common Street, Lawrence, Massachusetts.

3. At all times relevant time, City promulgated and otherwise adopted under color of law certain rules, practices, procedures and policies for use by its law enforcement officers as well as certain ordinances, by-laws, custom and usages, which deprived LaPierre of her rights and privileges under the Constitution and law of the United States and Commonwealth of Massachusetts.

4. At all relevant times, City was the employer of Defendants John Romero and Kevin Sledge.

5. Defendant John Romero, ("Romero"), is an individual and resides at an address presently unknown to LaPierre. He was, and continues to be at all relevant times, Chief of the Lawrence Police Department and employed by City, with an office within the Police Department at 90 Lowell Street, Lawrence, Massachusetts.

6. At all times relevant Romero was acting in his individual capacity and/or his official capacity as Police Chief. His acts and/or omissions as Police Chief were performed under color of law, regulations, ordinances, rules, customs and usage of the City of Lawrence and the Statutes of the Commonwealth of Massachusetts. He is named in his

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

2

individual and official capacities.

7.    Defendant Kevin Sledge, ("Sledge"), is an individual who resides at an address presently

unknown to LaPierre.  At all times relevant he was acting and in his individual capacity

and/or his official capacity as a police officer.  His acts and/or omissions as a police

officer were performed under color of law, regulations, ordinances, rules, custom, and

usage of the City of Lawrence and the Statutes of the Commonwealth of Massachusetts.

He is named in his individual and official capacities.

## FACTS

8.    On or about the evening of September 25, 2008 and through the early morning of

September 26, 2008, LaPierre went out with a group of friends, including Regina Perry

("Perry"), in Lawrence, Massachusetts to celebrate her birthday.

9.    LaPierre and her friends went to various places, including Jowa Bar and Lounge

("Jowa's") and The Loft ("Loft").

10.    LaPierre and Perry left Loft at closing on or about the early morning September 26, 2008.

11.    Perry went to retrieve their car.  At the same time, LaPierre went to find some friends at

an Jowa's nearby.

12.    When LaPierre arrived at Jowa's, she found it was closed.  LaPierre then began walking

back towards Loft.

13.    While she was walking, LaPierre accidentally dropped her cell phone and it broke.

14.    LaPierre did not know where Perry had parked the vehicle, and while attempting to find

the vehicle, she was approached by a group of people who offered to bring her to a phone

to call Perry.

15.    LaPierre accepted their offer and traveled with them to a garage on Jackson Street.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

3

16.   LaPierre had a glass of water while at the garage and left shortly thereafter to go find the phone to call Perry.

17.   LaPierre crossed the street to a restaurant that was on the corner and went in, intending to ask to use the phone.

18.   After entering the restaurant, LaPierre was approached by Sledge who asked her why she was out so late.

19.   LaPierre and Sledge then engaged in a brief discussion about how LaPierre had been separated from her friends and was trying to find them.

20.   Sledge informed LaPierre that he would bring her back to the police station and that they could get in touch with her friends from there.

21.   Sledge then asked LaPierre to get into his vehicle.  Sledge was driving his own personal vehicle at the time, a silver Jaguar.

22.   LaPierre then fell asleep in Sledge's vehicle while he was taking her to the Lawrence Police Station.

23.   Sledge parked his vehicle outside the Lawrence Police Station and advised LaPierre to remain in the car and he reclined her seat.

24.   Sledge then returned to the station where he was on duty as a Lawrence Police Officer.

25.   LaPierre remained in Sledge's vehicle for an unknown amount of time, and was in and out of consciousness.

26.   LaPierre recalls waking several times to Sledge also being in the vehicle, touching her or fondling her in an unwelcome manner.

27.   On one occasion, LaPierre awoke to her pants being down and what she believed to be Sledge's hand to inside of her.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

4

28.   During another encounter, LaPierre awoke to find Sledge on top of her, thrusting onto or into her, however she does not recall if any clothes were removed at that point.

29.   Video surveillance at the Lawrence Police Station shows Sledge exiting the building and walking towards his car approximately five times after he first arrived at the station with LaPierre in his car .

30.   While in the car, LaPierre was able to turn her cell phone on to retrieve phone numbers, however she was unable to make any outgoing calls.

31.   At some point while in Sledge's vehicle, she gave Sledge a phone number where he could reach Perry.

32.   Perry was called and informed that LaPierre was at the Lawrence Police Station.

33.   Perry arrived at the Lawrence Police Station to pick up LaPierre and was advised that she was "sleeping it off." Perry was then told to bring her passengers home and come back for LaPierre.

34.   Perry arrived at the Lawrence Police Station for a second time to retrieve LaPierre. At this time, she found LaPierre in Sledge's vehicle outside the station.

35.   Perry helped LaPierre out of Sledge's vehicle and over to Perry's vehicle, and they both got in the car.

36.   Sledge then got in to the backseat of Perry's vehicle.

37.   LaPierre discovered Sledge in the backseat when she was starting to tell Perry what had happened to her, and Sledge spoke up in the back seat inquiring if she was talking about him. Perry replied that they were not, and Sledge exited the vehicle.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

5

38.  After Sledge exited Perry's vehicle, LaPierre told Perry what had happened to her while she was in Sledge's vehicle, including all of the unwelcome touching, fondling and penetration.

39.  Perry informed LaPierre that the incident must be reported, and went with LaPierre into the Lawrence Police Station to file a report.

40.  When Perry and LaPierre first went into the station, Sledge attempted to take the report from them.

41.  Both Perry and LaPierre insisted that they needed to speak to someone other than Sledge, and repeatedly requested that they speak to his supervisor.

42.  Sledge finally relented, and LaPierre filed a report with another officer.

43.  After filing her report, LaPierre went to Lawrence General Hospital to have an examination and rape kit done.

44.  Thereafter, Sledge was charged by the Essex County District Attorney criminally for his rape and assault of LaPierre, and on January 28, 2011, Sledge was convicted of Rape and three (3) counts of Indecent Assault and Battery in the Newburyport Superior Court. Sledge was sentenced to ten (10) years in prison.

45.  As a result of this incident, LaPierre suffers from severe depression and anxiety.

46.  LaPierre must treat her depression regularly through medication and therapy sessions, and is unable to maintain employment for any extended period of time.

47.  LaPierre's life has been gravely affected and interrupted as a result of this and continually lives in fear and paranoia of being attacked again.

48.  Prior to September 25, 2011, City and Romero had available to them, was aware of, and/or was possessed of information that individuals had made allegations that Sledge

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

6

had sexually and/or physically assaulted them during the time that he was employed by

City, yet City took no appropriate steps to investigate, supervise, monitor, or train Sledge

in order to safeguard citizens against the possibility of harm from such behavior, and

willfully turned a blind eye, thereby engaging in a pattern of practice of deliberate

indifference and of omissions and conduct that caused damage to LaPierre.

49.   Prior to the September 25, 2008, City and Romero had available to them, was aware of,

and/or was possessed of information that Sledge had been charged and tried criminally

for the rape of a female during the time he was employed by City, and despite that

knowledge, City took no appropriate steps to investigate, supervise, monitor, or train

Sledge in order to safeguard citizens against the possibility of harm from such behavior,

and willfully turned a blind eye, thereby engaging in a pattern of practice of deliberate

indifference and of omissions and conduct that caused damage to LaPierre.

50.   In defending a discrimination action filed by Sledge prior to September 25, 2008 which

claimed racial bias as the basis for his wrongful termination by City, City alleged that

Sledge was terminated for just cause because, among other things, he had engaged in

inappropriate and high risk sexual behavior while on duty, by leaving his post

periodically to engage in sexual relations with individuals.  As such, City and/or Romero

were aware of Sledge's propensity for leaving his post while on duty to engage in sex or

sexual behavior with others.

51.   Despite that admitted knowledge that Sledge was known to routinely leave his post while

on duty to engage in sexual relations with individuals, neither City nor Romero took any

appropriate steps to investigate, supervise, monitor, or train Sledge in order to safeguard

citizens against the possibility of harm from such behavior, and willfully turned a blind

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

7

eye, thereby engaging in a pattern of practice of deliberate indifference and of omissions and conduct that caused damage to LaPierre.

52. City and Romero at all times had available to them, was aware of and/or possessed information as to the importance of monitoring the police station and its surrounding premises and areas, both inside and out, at all times as a deterrent to prevent injury to officers and citizens.

53. In fact, City and Romero had video cameras monitoring the premises outside of the station, which could were available to the officer in charge; the person designated by City and Romero as the person responsible for the Lawrence Police Station, public, and officers, while on duty.  Yet neither City nor Romero monitored or reviewed any reports on a regular basis from the officer in charge, nor did they take any action to ensure that the officer in charge was complying with City's and/or Romero's polices, rules, and/or procedures.

54. City and/or Romero both failed to monitor the video to ensure the safety of the public.

55. The video cameras showed Sledge repeatedly leaving the station approximately five times, and then coming back in, consistent with LaPierre's allegations that he had come into the car and raped or sexually assaulted her multiple times, leaving his post at work each time.

56. City and/or Romero had no policy, or did not enforce its policy, of monitoring and supervising, particularly with a high risk officer such as Sledge.

57. Had City and/or Romero maintained or enforced or monitored the video and supervised or monitored Sledge, or enforced rules, regulations, or policies that required the

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

monitoring of the video cameras, LaPierre would not have sustained the injuries and damages that she suffered.

58.     As such, City and Romero engaged in a pattern and/or practice of ignoring safety precautions resulting in the creation and/or fostering of an environment that encouraged high risk behavior on the part of officers and/or citizens, exhibiting deliberate indifference to the safety of persons in contact with police, thereby engaging in a pattern of practice of omissions and conduct that caused damage to LaPierre.

59.     LaPierre properly gave notice to Lawrence pursuant to M.G.L. c. 258, Section 4.

## CAUSES OF ACTION

### COUNT I (Violations of Civil Rights, 42 U.S.C. §1983)
(Coeurdalene LaPierre v. Kevin Sledge)

60.     LaPierre restates, re-alleges and incorporates by reference Paragraphs 1 through 59, as set forth above.

61.     This count is brought against Sledge, individually, for civil rights violations pursuant to 42 U.S.C. §1983.

62.     The actions of Sledge on September 26, 2008, including but not limited to, transporting LaPierre to the Lawrence Police Station under the guise of helping her, touching and fondling LaPierre in an unwelcome manner, raping LaPierre, abusing and assaulting LaPierre's body, abusing his position as a Lawrence Police Officer, and abusing the level of trust that any citizen, including LaPierre, felt towards law enforcement, etc.,  all while on duty as a Lawrence Police Officer and assigned to working in the station, were performed under color of law and without justification.

63.     Said conduct obstructed the course of justice and deprived LaPierre of her federal constitutional rights, including but not limited to her substantive due process right to

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

9

equal protection, privacy and bodily integrity under the Fifth and Fourteenth Amendments, which includes without limitation her rights to be free from intimidation and humiliation.

64. As a direct and proximate result of the aforesaid acts of Sledge, who was acting under the color of law, LaPierre has suffered from and continues to suffer from physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, lost wages, earning capacity, medical expenses, lost employment and employment opportunities, and other damages.

## COUNT II
### (Violation of Civil Rights, 42 U.S.C. §1983)
### (Coeurdalene LaPierre v. City and Romero)

65. LaPierre restates, re-alleges, and incorporates by reference Paragraphs 1 through 64, as set forth above.

66. This count is brought against City and Romero for their above-described civil rights violations pursuant to 42 U.S.C. §1983.

67. At all times relevant hereto, Sledge, while an agent, servant and/or employee of City, and under the direct supervision responsibility of Romero, and was acting under the color of law and within the scope of his authority as a police officer pursuant to established policies, rules, regulations, ordinances, customs, laws and usages of City and Romero.

68. City and Romero participated in a pattern of conduct consisting of improper supervision, failure to train, failure to establish protocols and safety measures to protect citizens and officers against behavior known to them to be high risk, and failure to establish protocols and safety measures to protect citizens and officers against Sledge, an individual known to them to have engaged in high risk behavior in the past.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

10

69.   By City's and Romero's continuing employment of Sledge, and as a result of the absence

of any supervision by City or Romero, particularly of Sledge, an individual known to

City and Romero as being a person against whom allegations of rape and/or sexual or

other assault had been made in the past, LaPierre was deprived of her constitutional rights

of due process and equal protection under the Fifth and Fourteenth Amendments,

including without limitation, the substantive right to privacy and bodily integrity.

70.   This pattern of conduct by City and Romero encompasses individual acts of hiring and

retaining an officer against whom prior allegations of sexual and/or physical abuse had

been lodged, failing to properly supervise Sledge while on shift in light of the fact that he

was openly and obviously not adhering to the duties of the shift and was leaving his shift

routinely and on a regular basis, during which time he was raping LaPierre, etc.

71.   The sexual abuse against LaPierre, as previously alleged, was the result of negligence

and/or gross negligence on the part of City and Romero in that the supervision of Sledge

was nonexistent or reckless, thereby exhibiting a deliberate indifference on the part of the

City and Romero, which is a shock to the conscience of all people.

72.   There was no justification or excuse in law for City's or Romero's failure to address or

investigate the prior information evidencing improper, illegal, and/or repugnant conduct

of a member of its police force.

73.   City and/or Romero knew or should have known of the fact that this pattern of conduct

was being carried out by its agents, servants and/or employees, and in particular Sledge,

for reasons set forth above, and that Sledge was at risk of continuing this illegal and

dangerous pattern of conduct while acting under color of law.  Nevertheless, neither City

nor Romero took appropriate steps, nor demonstrated any effort or attempt to halt or

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

11

protect persons in contact with the police against this course of conduct.

74.   City's and Romero's conduct of deliberate indifference obstructed the course of justice

and deprived Ms. LaPierre of her federal constitutional rights, including but not limited to

her substantive due process right to equal protection, privacy and bodily integrity under

the Fifth and Fourteenth Amendments, which includes without limitation her rights to be

free from intimidation and humiliation

75.   City's and Romero's conduct as described herein demonstrates City's and Romero's

deliberate indifference to the rights of persons with whom its police officers may come in

contact; said indifference being the direct and proximate cause of LaPierre's injuries.

including but not limited to  physical injuries, personal injuries, pain and suffering,

mental anguish. severe humiliation, embarrassment, emotional distress, special damages,

degradation, lost wages, earning capacity, medical expenses. lost employment and

employment opportunities, and other damages.

COUNT III
(Violation of Civil Rights, M.G.L. c. 12 §§11H AND 11I)
(Coeurdalene LaPierre v. All Defendants)

76.   LaPierre restates, re-alleges and incorporates by reference Paragraphs 1 through 75, as set

forth above.

77.   By force, coercion, threats and intimidation, LaPierre's civil rights as protected by the

Massachusetts Civil Rights Act, M.G.L. c. 12 §11I have been violated by virtue of her

rapes and assaults by Sledge, facilitated and fostered or encouraged by the policies,

practices, procedures and/or knowing omissions as set forth herein, which violated her

rights to substantive due process and her right to privacy including bodily integrity.

78.   As a direct and proximate cause of this violation, LaPierre has suffered and continues to

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

suffer damages, including but not limited to physical injuries, personal injuries, pain and

suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special

damages, degradation, lost wages, earning capacity, medical expenses, lost employment

and employment opportunities, and other damages.

**COUNT IV**
**(Violations of M.G.L. c. 258, City Negligence in its Supervision, Training, Investigation,**
**and Continuing Employment of Sledge)**
**(Coeurdalene LaPierre v. City and Romero)**

79. LaPierre restates, re-alleges and incorporates by reference Paragraphs 1 through 78, as set

    forth above.

80. City and Romero engaged in a pattern and practice of failure or negligence in the

    supervision, training, or investigation of officers in the course of their employment,

    maintaining the employment of Sledge (a person known or who should have been known

    to them to engage in high risk behavior), thereby fostering or encouraging an

    environment that allowed illegal and high risk behavior to occur putting citizens at great

    risk of harm.

81. City and Romero negligently turned a blind eye to knowledge possessed by them that

    Sledge had previously been criminally charged with rape on one occasion, and

    negligently turned a blind eye to knowledge possessed by them that Sledge had a past

    history of sexual misconduct both while on duty and off duty, as evidenced by City's

    and/or Romero's defense of Sledge's discrimination action against City (articulating that

    City terminated him with just cause because he had engaged in activity that included

    leaving his post in order to have sexual relations with individuals while on duty.)

82. As a direct and proximate result of the City's and Romero's conduct as described herein,

    LaPierre has suffered and continues to suffer physical injuries, personal injuries, pain and

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

13

suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special

damages, degradation, lost wages, earning capacity, medical expenses, lost employment

and employment opportunities, and other damages.

### COUNT V
### (Negligent Infliction of Emotional Distress)
### (Coeurdalene LaPierre v. All Defendants)

83.   LaPierre restates, re-alleges and incorporate by reference Paragraphs 1 through 82, as set

forth above.

84.   This Count is brought against all Defendants for negligent infliction of emotional

distress.

85.   As a direct and proximate cause of the negligent conduct of each of the Defendants,

LaPierre has suffered and continues to suffer from physical injuries, personal injuries,

pain and suffering, mental anguish, severe humiliation, embarrassment, emotional

distress, special damages, degradation, lost wages, earning capacity, medical expenses,

lost employment and employment opportunities, and other damages..

### COUNT VI
### Premises Liability – Failure to Properly Monitor, Supervise, Investigate
### (Coeurdalene LaPierre v. City and Romero)

86.   LaPierre restates, re-alleges and incorporates by reference Paragraphs 1 through 85, as set

forth above.

87.   As a direct and proximate result of the City's and Romero's negligence (as more

particularly described herein) in the maintenance, supervision, monitoring and

investigation of its premises, including but not limited to the parking area that was under

the possession, custody, control, or ownership of City and/or Romero at all relevant

times, LaPierre suffered and continues to suffer from physical injuries, personal injuries,

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

14

pain and suffering, mental anguish, severe humiliation, embarrassment, emotional

distress, special damages, degradation, lost wages, earning capacity, medical expenses,

lost employment and employment opportunities, and other damages.

**DEMANDS FOR RELIEF**

**WHEREFORE**, LaPierre respectfully requests that this Honorable Court:

a.    Award judgment against each and all Defendants jointly and severally for her

compensatory and/or special damages, plus interest and costs;

b.    Award punitive damages to LaPierre against each and all Defendants jointly and

severally, plus interest and costs;

c.    Award LaPierre, as part of any and all judgments, her fair and reasonable

attorneys' fees against each and all Defendants found liable pursuant to 42 U.S.C.

§1988 and/or M.G.L. c. 12, along with interest and costs; and

d.    Award any other relief as this Court deems just and equitable.

**JURY DEMAND**

LaPierre herein demands a trial by jury on all counts.

Respectfully submitted,
Coeurdalene LaPierre

By her Attorneys,

Date: 9/21/11

Marsha V. Kazarosian, Esquire
BBO#262670
Janet E. Dutcher, Esquire
BBO #547702
KAZAROSIAN LAW OFFICES
546 Main Street
Haverhill, MA  01830
Tel. (978) 372-7758

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

15

## VERIFICATION

*THIS COMPLAINT IS PERSONALLY SIGNED BY THE PLAINTIFF UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TRUE AND ACCURATE TO THE BEST OF THEIR KNOWLEDGE, INFORMATION, AND BELIEF.*

Coeurdalene LaPierre

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

16

| CIVIL ACTION COVER SHEET | DOCKET NO(S) *11-1770* | Trial Court of Massachusetts Superior Court Department County: ____ |
|---|---|---|

**PLAINTIFF(S)** *Coeurdalene LaPierre*

**DEFENDANT(S)** *City of Lawrence, John Romero and Kevin Sledge*

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** *Marsha Kazarosian, Kazarosian Law Office, 546 Main St Haverill MA 01830*

**ATTORNEY (if known)**

Board of Bar Overseers number: *#262670*

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| *E03* | *Action Against municipality* | *(A)* | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $ *unknown*
2. Total Doctor expenses .......... $ *unknown*
3. Total chiropractic expenses .......... $ 0
4. Total physical therapy expenses .......... $ 0
5. Total other expenses (describe) *Therapy* .......... $ *unknown*
   Subtotal $ ____

B. Documented lost wages and compensation to date .......... $ *unknown*
C. Documented property damages to date .......... $ 0
D. Reasonably anticipated future medical and hospital expenses .......... $ ____
E. Reasonably anticipated lost wages .......... $ ____
F. Other documented items of damages (describe) *therapy* .......... $ *to be determined*

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) *Plaintiff was pick up in his personal car while he was off duty, taken to police station and left in his car. During his shift Sledge repeatedly left the station and sexually assaulted and raped her. As a result Plaintiff has suffered personal injury, mental anguish, humiliation, embarrassment, lost wages and lost earning capacity.*
TOTAL $ ____

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*A TRUE COPY ATTEST*
*DEPUTY ASST. CLERK*

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: *9/22/11*

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | TORT | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | EQUITABLE REMEDIES | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

### EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.



(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 11-1746D

Coeurdalene LaPierre ........................................................., Plaintiff(s)

v.

Kevin Sledge ........................................................., Defendant(s)

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve upon Kazarosian Law Offices                    ,

plaintiff's attorney, whose address is 546 Main Street Haverhill, MA 01830              , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence                  either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

    WITNESS, BARBARA J. ROUSE   , Esquire, at Salem, the
day of                      , in the year of our Lord two thousand

A TRUE COPY ATTEST

DEPUTY ASS'T CLERK

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

OCT 24 2011

Thomas H. Driscoll Jr.

Thomas H. Driscoll Jr.
**CLERK**

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court in answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Plymouth County Sheriff's Office**    22 Cottage Street, Brockton MA  02301    Telephone (508) 580-2110
Plymouth, SS

October 17, 2011

I hereby certify and return that on 10/17/2011 at 12:43 PM I served a true and attested copy of the Summons and Verified Complaint with Tracking Order in this action in the following manner: To wit, by delivering in hand to Sergeant DaSilva, Control Room, , agent, person in charge at the time of service for Kevin Sledge at Old Colony Correctional Facility One Administration Road Bridgewater, MA 02324    . Basic Service Fee ($30.00) Conveyance ($1.50) P&H (no mailing) ($1.00) Travel ($22.70) Attest (1 copy) ($5.00) Total: $60.20

Deputy Sheriff

Deputy Sheriff   William Chiano

. 20

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 11-01796-D

Coeurdalene LaPierre
Plaintiff(s)

v

Kevin Sledge
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 11-1796D

Coeurdalene LaPierre
......................................................................................., Plaintiff(s)

v.

Chief John Romero
......................................................................................., Defendant(s)

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve upon Kazarosian Law Offices

plaintiff's attorney, whose address is 546 Main Street Haverhill, MA 01830 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE  , Esquire, at Salem, the
day of  , in the year of our Lord two thousand

A TRUE COPY ATTEST
DEPUTY ASST CLERK

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

OCT 27 2011

Thomas H. Driscoll Jr.
CLERK

Thomas H. Driscoll Jr.
*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____, 20____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20____.

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGIN AL AND ON COPY SERVED ON DEFENDANT

Essex County Sheriff's Department , PO BOX 2019, Salem, MA  01970

October 20, 2011

I hereby certify and return that on 10/19/2011 at 3:14PM I served a true and attested copy of the summons, verified complaint and demand for jury trial, scheduling order for A track in this action in the following manner: To wit, by delivering in hand to Chief John Romero, of the Lawrence Police Department at  90 Lowell Street , Lawrence, MA 01840 . Basic Service Fee ($30.00). Conveyance ($1.50), Travel ($3.20), Postage and Handling ($1.00). Copies ($5.00) Total Charges $40.70

Deputy Sheriff  Thomas Tombarello

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 11-01796-I

Coeurdalene LaPierre
Plaintiff(s)

v

Chief John Romero
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 11-1714D

Coeurdalene LaPierre ......................................................................, Plaintiff(s)

v.

City of Lawrence ......................................................................, Defendant(s)

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon   Kazarosian Law Offices   ,

plaintiff's attorney, whose address is   546 Main Street Haverhill, MA 01830   , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence   either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

A TRUE COPY, ATTEST

*Casey Hern*

DEPUTY SHERIFF

WITNESS, BARBARA J. ROUSE   , Esquire, at Salem, the

day of   , in the year of our Lord two thousand

## FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 0 4 2011

LS

*Thomas H. Driscoll Jr.*

*Thomas H. Driscoll Jr.*
CLERK

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____ , 20    , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):



Essex County Sheriff's Department , PO BOX 2019, Salem, MA  01970

November 1, 2011

I hereby certify and return that on 10/31/2011 at 3:38PM I served a true and attested copy of the summons, verified
complaint and demand for jury trial, verification, scheduling order for A track in this action in the following manner:
To wit, by delivering in hand to Charles Boddy, City Attorney for  City of Lawrence , service was made at our office
at 354 Merrimack Street, Suite 332, Lawrence, Mass 01841. Basic Service Fee ($30.00), Postage and Handling
($1.00), Copies ($5.00) Total Charges $36.00

Deputy Sheriff  Cassandra Murphy

*[signature: Cassandra Murphy]*

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.  11–01796–D

ESSEX, SS.

Coeurdalene LaPierre
Plaintiff(s)

v

City of Lawrence
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 11- *Filed*

Coeurdalene LaPierre............................................................., Plaintiff(s)

v.

Kevin Sledge............................................................., Defendant(s)

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Kazarosian Law Offices ,

plaintiff's attorney, whose address is 546 Main Street Haverhill, MA 01830 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE , Esquire, at Salem, the

day of , in the year of our Lord two thousand

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 0 7 2011

CLERK

L.S.

Thomas H. Driscoll Jr.

A TRUE COPY, ATTEST Clerk

DEPUTY SHERIFF

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___October, 31___ , 20 11 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

___In House___

Dated: _oct 31._ , 20 11 .        ___Sgt Dennis Beith___

N.B. TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| 10 · 31 ,20 11 . |
|---|

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 11-01796-D

Coeurdalene LaPierre
_____
Plaintiff(s)

v

Kevin Sledge
_____
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

THE TRIAL COURT OF
THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss:                                SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO: ESCV 2011-01796-D

_____
COEURDALENE LaPIERRE,                              )
                    Plaintiff                      )
v.                                                 )
                                                   )
CITY OF LAWRENCE, CHIEF JOHN ROMERO, and           )
KEVIN SLEDGE,                                      )
                    Defendants                     )
_____            )

## ANSWER OF THE DEFENDANTS, CITY OF LAWRENCE AND JOHN ROMERO, TO PLAINTIFF'S COMPLAINT

Now come the Defendants, City of Lawrence and John Romero (hereinafter "Lawrence and Romero"), and answer in response to the Plaintiff's Complaint paragraph by paragraph, as follows:

### INTRODUCTION

The introductory paragraphs of Plaintiff's Complaint are informational only and do not require an answer. To the extent an answer is required, Lawrence and Romero deny same, and leave Plaintiff to her proof.

### PARTIES

1.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore leave the Plaintiff to her proof.

2.        Admitted.

3.        Denied.

4.        Admitted.

A TRUE COPY ATTEST

_Casey Aren_
DEPUTY ASST. CLERK

5.        Admitted that John Romero is Chief of the Lawrence Police Department, employed by the City, with an office at 90 Lowell Street, Lawrence, MA.  Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the further allegations contained in Paragraph 5 of the Complaint and therefore leave the Plaintiff to her proof.

6.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore leave the Plaintiff to her proof.

7.        Admitted that Kevin Sledge was a Lawrence police officer.  Lawrence and Romero deny that at relevant times Sledge was acting as a police officer, but instead was acting in his individual capacity and beyond the scope of his employment as a Lawrence police officer.  Lawrence and Romero admit that while Sledge acted as a Lawrence police officer, he did so under color of law.

## FACTS

8.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore leave the Plaintiff to her proof.

9.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore leave the Plaintiff to her proof.

10.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore leave the Plaintiff to her proof.

11.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore leave the Plaintiff to her proof.

12.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore leave the Plaintiff to her proof.

13.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore leave the Plaintiff to her proof.

14.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore leave the Plaintiff to her proof.

15.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore leave the Plaintiff to her proof.

16.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore leave the Plaintiff to her proof.

17.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore leave the Plaintiff to her proof.

18.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore leave the Plaintiff to her proof.

19.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore leave the Plaintiff to her proof.

20.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore leave the Plaintiff to her proof.

21.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore leave the Plaintiff to her proof.

22.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore leave the Plaintiff to her proof.

23.        Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore leave the Plaintiff to her proof.

24.        Denied.

25.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore leave the Plaintiff to her proof.

26.      Lawrence and  Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore leave the Plaintiff to her proof.

27.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore leave the Plaintiff to her proof.

28.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore leave the Plaintiff to her proof.

29.      Admitted.

30.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore leave the Plaintiff to her proof.

31.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore leave the Plaintiff to her proof.

32.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore leave the Plaintiff to her proof.

33.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore leave the Plaintiff to her proof.

34.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore leave the Plaintiff to her proof.

35.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore leave the Plaintiff to her proof.

36.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore leave the Plaintiff to her proof.

37.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore leave the Plaintiff to her proof.

38.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore leave the Plaintiff to her proof.

39.          Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore leave the Plaintiff to her proof.

40.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore leave the Plaintiff to her proof.

41.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore leave the Plaintiff to her proof.

42.      Admitted that LaPierre filed a report with another officer.  Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the further allegations contained in Paragraph 42 of the Complaint and therefore leave the Plaintiff to her proof.

43.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph  43 of the Complaint and therefore leave the Plaintiff to her proof.

44.      Admitted.

45.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore leave the Plaintiff to her proof.

46.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore leave the Plaintiff to her proof.

47.      Lawrence and Romero lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore leave the Plaintiff to her proof.

48.        Denied.

49.        Denied.

50.        Lawrence and Romero admits that it alleged and argued that Sledge's

termination was for just cause as he engaged in inappropriate behavior while on duty, but

denies that it was aware that he had a propensity for leaving his post while on duty to

engage in sex or sexual behavior with others.

51.        Denied.

52.        Admitted.

53.        Lawrence and Romero admit that video cameras were monitoring the

premises which were available, but deny the further allegations contained in Paragraph

53 of the Plaintiff's complaint.

54.        Denied.

55.        The video speaks for itself.

56.        Denied.

57.        Denied.

58.        Denied.

59.        Paragraph 59 of the Plaintiff's complaint states a conclusion of law, and as

such, no answer is required.  To the extent an answer is required, Lawrence and Romero

deny same, and leave the Plaintiff to her proof.

## CAUSES OF ACTION
## COUNT I (Violations of Civil Rights, 42 U.S.C. § 1983)
## (Coeurdalene LaPierre v. Kevin Sledge)

60.        Lawrence and Romero repeat and incorporate by reference as if set forth

fully herein all of those answers contained in Paragraphs 1 through 59 set forth above.

61.        Paragraph 61 of the Plaintiff's complaint states a conclusion of law, and as such, no answer is required.  To the extent an answer is required, Lawrence and Romero deny same, and leave the Plaintiff to her proof.

62.        Denied.

63.        Denied.

64.        Denied.

## COUNT II
### (Violations of Civil Rights, 42 U.S.C. § 1983)
### (Coeurdalene LaPierre v. City and Romero)

65.        Lawrence and Romero repeat and incorporate by reference as if set forth fully herein all of those answers contained in Paragraphs 1 through 64 set forth above

66.        Paragraph 66 of the Plaintiff's complaint states a conclusion of law, and as such, no answer is required.  To the extent an answer is required, Lawrence and Romero deny same, and leave the Plaintiff to her proof.

67.        Denied.

68.        Denied.

69.        Denied.

70.        Denied.

71.        Denied.

72.        Denied.

73.        Denied.

74.        Denied.

75.        Denied.

## COUNT III
### (Violations of Civil Rights, M.G.L. c. 12 §§11H and 11I)
### (Coeurdalene LaPierre v. All Defendants)

76.     Lawrence and Romero repeat and incorporate by reference as if set forth

fully herein all of those answers contained in Paragraphs 1 through 75 set forth above

77.     Paragraph 77 of the Plaintiff's complaint states a conclusion of law, and as

such, no answer is required.  To the extent an answer is required, Lawrence and Romero

deny same, and leave the Plaintiff to her proof.

78.     Denied.

## COUNT IV
### (Violations of M.G.L. c.258, City negligence in its Supervsiion, Training,
### Investigation, and Conmtinuing Employment of Sledge)
### (Coeurdalene LaPierre v. City and Romero)

79.     Lawrence and  Romero repeat and incorporate by reference as if set forth

fully herein all of those answers contained in Paragraphs 1 through 78 set forth above

80.     Denied.

81.     Denied.

82.     Denied.

## COUNT V
### (Negligent Inflcition of Emotional Distress)
### (Coeurdalene LaPierre v. All Defendants)

83.     Lawrence and Romero repeat and incorporate by reference as if set forth

fully herein all of those answers contained in Paragraphs 1 through 82 set forth above

84.     Paragraph 84 of the Plaintiff's complaint states a conclusion of law, and as

such, no answer is required.  To the extent an answer is required, Lawrence and Romero

deny same, and leave the Plaintiff to her proof.

85.     Denied.

## COUNT VI
### (Premises Liability- Failure to Properly Monitor, Supervise, Investigate)
### (Coeurdalene LaPierre v. City and Romero)

86.         Lawrence and Romero repeat and incorporate by reference as if set forth fully herein all of those answers contained in Paragraphs 1 through 85 set forth above

87.         Paragraph 87 of the Plaintiff's complaint states a conclusion of law, and as such, no answer is required.  To the extent an answer is required, Lawrence and Romero deny same, and leave the Plaintiff to her proof.

WHEREFORE, the Defendants, City of Lawrence and John Romero, move this Court to dismiss the Plaintiff's Claims as to the City of Lawrence and as to John Romero, and to award the Plaintiff no relief and award the Defendants, City of Lawrence and John Romero, recoverable costs, expenses, and attorney fees.

In further answering, Lawrence asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint in each of its claims against Lawrence and Romero failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lawrence and Romero are qualifiedly immune from suit and from liability or otherwise is privileged in their actions and conduct and the Plaintiff's claims are therefore barred.

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages claimed by the Plaintiff were caused, in whole, or part, by the Plaintiff's own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by the Plaintiff were caused, in whole, or in part, by the Plaintiff's own negligence, and that the negligence of the Plaintiff was equal to, or greater than, any negligence by Lawrence and Romero, such that any recovery by the Plaintiff is barred.

### FIFTH AFFIRMATIVE DEFENSE

The negligence, if any, of the City of Lawrence and/or Romero was not the sole cause of the Plaintiff's injuries.

### SIXTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by the Plaintiff were caused by the act of a third party, which act, Lawrence and or Romero had no reason to anticipate, and of which person, the Defendants, Lawrence and or Romero, had no control and they are not responsible as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by the Plaintiff were the result of supervening and intervening causes unrelated to the conduct of the Defendants, City of Lawrence and Romero, and the Defendants, City of Lawrence and Romero, are therefore not liable.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate any claims, injuries, or damages, as required by law.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries, or damages, were caused in whole, or part, by the Plaintiff's violations of the various statutes, ordinances, regulations, policy or other legal authority governing the conduct of the parties at the time said injuries or damages were sustained.

### TENTH AFFIRMATIVE DEFENSE

At the time of the alleged incident, the Plaintiff was guilty of a violation of the law that caused the incident, and the Plaintiff's claims, therefore, are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are frivolous, and are not made in good faith, and the Defendants, Lawrence and Romero, therefore, demand their costs and attorneys' fees.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants, City of Lawrence and Romero, state that the Plaintiff's claims must fail since the Defendants' actions at all times were required in the interest of the public and the means used by the Defendants were reasonably necessary for the accomplishment of this purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant, City of Lawrence, specifically claims that notice of presentment as required by General Laws, Chapter 258, was not properly made.

## FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, incurred by the Plaintiff were the result of her own actions

and/or those of a third party and not through any actions or conduct of the Defendants,

City of Lawrence and Romero.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred by the Public Duty Rule.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred by the Discretionary Function Rule.

WHEREFORE, based upon the Answer and Affirmative Defenses, Defendants, City of Lawrence and John Romero, demand that the Complaint be dismissed and that they be awarded the costs of this defense.

RESPECTFULLY SUBMITTED,
FOR THE DEFENDANTS.
CITY OF LAWRENCE and
CHIEF JOHN ROMERO,
By their Attorney,

Anne L. Randazzo, BBO #411670
Office of the City Attorney
200 Common Street, Suite 306
Lawrence, MA 01840
Tel:    (978)-620-3030
Fax:    (978)-794-5799

DATED: November 4, 2011

## CERTIFICATE OF SERVICE

I, Anne L. Randazzo, attorney of record for the Defendants City of Lawrence and Chief John Romero, hereby certify that on this date, a copy of the foregoing *Answer of the Defendants, City of Lawrence and Chief John Romero,* was served, by mailing the same, postage prepaid, upon Attorney Marsha V. Kazarosian and Attorney Janet E. Dutcher, attorneys of record for the Plaintiff, at Kazarosian Law Offices, 546 Main Street, Haverhill, MA 01830.

November 4, 2011

Anne L. Randazzo

7

THE TRIAL COURT OF
THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss:                            SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO: ESCV 2011-01796-D

COEURDALENE LaPIERRE,                 )
            Plaintiff                 )
v.                                    )
                                      )
CITY OF LAWRENCE, CHIEF JOHN ROMERO, and )
KEVIN SLEDGE,                         )
                Defendants            )
                                      )

## APPEARANCE

Please enter the appearance of Anne L. Randazzo, as

attorney for Defendants, City of Lawrence and Chief John Romero.

Dated: November 4, 2011              RESPECTFULLY SUBMITTED,
                                     FOR THE DEFENDANTS,
                                     CITY OF LAWRENCE and
                                     CHIEF JOHN ROMERO,
                                     By their Attorney,

                                     _____
                                     Anne L. Randazzo, BBO #411670
                                     Office of the City Attorney
                                     200 Common Street, Suite 306
                                     Lawrence, MA  01840
                                     Tel:    (978)-620-3030
                                     Fax:    (978)-794-5799

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

## CERTIFICATE OF SERVICE

I, Anne L. Randazzo, attorney of record for the Defendants City of Lawrence and Chief John Romero, hereby certify that on this date, a copy of the foregoing *Appearance of Counsel,* was served, by mailing the same, postage prepaid, upon Attorney Marsha V. Kazarosian and Attorney Janet E. Dutcher, attorneys of record for the Plaintiff, at Kazarosian Law Offices, 546 Main Street, Haverhill, MA 01830.


November 4, 2011                        _Anne L. Ra_____

                                             Anne L. Randazzo