UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12039-RWZ

COEURDALENE LAPIERRE,
Plaintiff

v.

CITY OF LAWRENCE, CHIEF JOHN
ROMERO, and KEVIN SLEDGE,
Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANT
## CITY OF LAWRENCE'S MOTION TO STRIKE

Now comes Defendant, City of Lawrence ("City") and attaches this Memorandum of Law in support of its Motion to Strike Paper #86 from the docket as that is not the most recent offer of judgment that the City gave to the Plaintiff.

### FACTS

Plaintiff filed this suit against the City and others claiming violations of her civil rights under 42 U.S.C. § 1983 and negligence under M.G.L. c. 258. Beginning on August 11, 2014, the City and the Plaintiff began settlement negotiations on this case with the City tendering an offer of $200,000.00 to settle all claims. August 11, 2014 letter from Attorney Raquel Ruano to Attorney Marsha Kazarosian and accompanying email, attached as Exhibit B. On August 13, 2014, the Plaintiff gave the City a counteroffer of $550,000.00 in full and final settlement. August 13, 2014 letter from Attorney Marsha Kazarosian to Attorney Raquel Ruano and accompanying email, attached as Exhibit C. The City then made another offer of settlement to the Plaintiff in the amount of $250,000.00 on August 20, 2014. August 20, 2014 letter from Attorney Raquel Ruano to Attorney Marsha Kazarosian and accompanying email, attached as

1

Exhibit D. Plaintiff then rejected this offer and gave a counteroffer of 500,000.00 on August 25, 2014. August 25, 2014 letter from Attorney Marsha Kazarosian to Attorney Raquel Ruano and accompanying email, attached as Exhibit E. On August 28, 2014, the City gave an even higher offer to the Plaintiff of $300,000.00. August 28, 2014 letter from Attorney Raquel Ruano to Attorney Marsha Kazarosian and accompanying email, attached as Exhibit F. On September 5, 2014, the Plaintiff rejected that offer and reiterated her previous offer of $500,000 for full and final settlement. September 5, 2014 letter from Attorney Marsha Kazarosian to Attorney Raquel Ruano and accompanying email, attached as Exhibit G.

The City at that time gave the Plaintiff an offer of judgment pursuant to Fed.R.Civ.P. 68 for $300,000.00. September 5, 2014 letter from Attorney Raquel Ruano to Attorney Marsha Kazarosian and accompanying email, attached as Exhibit H; Paper #86. Less than twenty-four hours later, the City, wishing to tender an offer of judgment that was not ambiguous regarding attorney's fees, attempted to revoke the original offer. September 6, 2014 email from Attorney Raquel Ruano to Attorney Marsha Kazarosian, attached as Exhibit I. Plaintiff's counsel responded to this email but did not indicate that her client would be accepting the original offer. September 6, 2014 email from Attorney Marsha Kazarosian to Attorney Raquel Ruano, attached as Exhibit J. Prior to any acceptance by the Plaintiff, the City clarified its offer of judgment on September 8, 2014, which it hand delivered to the Plaintiff's counsel that morning. September 8, 2014 letter from Attorney Raquel Ruano to Attorney Marsha Kazarosian and accompanying email, attached as Exhibit K. On September 9, 2014, the Plaintiff's counsel called the City to accept the original offer of judgment given on September 5, 2014. September 9, 2014 email from Attorney Marsha Kazarosian to Attorney Raquel Ruano, attached as Exhibit L. This was the one and only time the Plaintiff accepted any offer of judgment. Prior to any filings with the

2

Court, the City attempted to reason with Plaintiff's counsel regarding the City's intentions in its offer of judgment to no avail. September 9, 2014 email from Attorney Raquel Ruano to Attorney Marsha Kazarosian, attached as Exhibit M; September 9, 2014, email from Attorney Marsha Kazarosian to Attorney Raquel Ruano, attached as Exhibit N. The Plaintiff, nevertheless, filed the original September 5, 2014, offer of judgment with the Court while ignoring the fact that it had been subsequently clarified. Paper #86.

## STANDARD OF LAW

Offers of judgment under Federal Rule of Civil Procedure 68 "should be interpreted according to contract law principles" since they are basically offers of settlement. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §3002 at p. 94 (1997). In contract law, "an offeree cannot accept a different offer from that made by the offeror." Johnson v. University College of the University of Alabama in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983). "There must be a meeting of the minds." Id. While offers of judgment cannot be revoked, parties are permitted to clarify an offer of judgment prior to any acceptance by submitting amended offers of judgment. See e.g. Radecki v. Amoco Oil Co. 858 F.2d 397, 402-403 (8th Cir. 1988); Stewart v. Professional Computer Centers, Inc., 148 F.3d 937, 938 (8th Cir. 1998); Atlantic Construction Fabrics, Inc. v. Dandy Products, 64 Fed.Appx. 757, 760 (2003); see also Ducharme v. State of Rhode Island, 30 F.3d 126 (Table *4)(1st Cir. 1994)(upholding in dicta an amended offer of judgment). "[T]o allow preacceptance clarification of incomplete or ambiguous Rule 68 offers serves the offeror's and the court's interest as well, since the offeror will be more certain of his potential liability and the court will not be called upon to interpret ambiguous offers." Radekci, 858 F.2d at 403, citing Marek v. Chesny, 473 U.S. 1, 7 (1985), Boorstein v. City of New York, 107 F.R.D. 31, 34 (S.D.N.Y. 1985), and Evans v. Jeff D., 475

U.S. 717, 732-34 (1986). If a party tenders a reacceptance clarification, the other side cannot accept the original offer as there is no meeting of the minds. See Radecki, 858 F.2d at 403.

ARGUMENT

1. The City's September 8, 2014 Offer of Judgment Was A Clarification of Its Original Offer of Judgment..

As the City's original offer of judgment intended to include attorney's fees, its September 8, 2014, offer was a permissible clarification. Radecki, 858 F.2d at 402. While there is no First Circuit case on point, the Eighth Circuit has looked at this exact issue in Radecki v. Amono Oil Co. Id. at 397. In Radecki, the Court reversed the district court ruling that the defendant could not clarify its Rule 68 offer and that its original offer did not include attorney's fees. Id. at 402. In support of its holding, the Court looked at several factors that showed that while the original offer did not explicitly state it included attorney's fees, it nevertheless intended to include them and therefore a preacceptance amendment was permissible as it clarified the original offer.

One of the factors the Radecki Court considered was that all the settlement negotiations leading up to the Rule 68 offer consistently had been inclusive of attorney's fees. Id. at 401. Similarly, in the present case, all offers of settlement by either party were lump-sum offers and attorney's fees were never excluded. See Exhibits B-G. In fact, the Plaintiff's counsel acknowledged in settlement negotiations that she was aware that the City had not given the authority to offer to settle anywhere close to $500,000.00. Exhibit E. Moreover, the Plaintiff's counsel was aware that the City was cash strapped as every offer by the parties was staggered over a couple of years to alleviate the heavy financial burden of such a high figure payout. Exhibits B-G. Plaintiff counsel's view that the City's original offer of judgment did not include attorney's fees is in direct contradiction to her own words and a simple reading of the

4

negotiations. Reading the original offer of judgment in Plaintiff's favor translates to a payout by the City of close to $500,000.00: $300,000.00 to the Plaintiff and close to $200,000.00 in attorney's fees. This is a figure that all parties knew was not on the table at any point in time. Moreover, the City had just rejected of a settlement offer of $500,000.00 so to argue that the City would payout the amount it just rejected and also have a judgment entered against it flies in the face of all logic and reason. For this reason, it is clear that the original offer intended to include attorney's fees.

Another factor that the Radecki Court considered was the timing of the clarification. The clarification came the next day prior to any acceptance, which the Court considered "right on the heels of the first." 858 F.2d at 401. In this case, the City clarified its Rule 68 offer one business day after the first (a weekend occurring in between): September 8, 2014 at 9:08am. At the time of the clarified offer, Plaintiff knew then, if not sooner, that the City's offer included attorney's fees. The next day, the Plaintiff accepted the original offer via telephone on September 9, 2014, at around 2:30pm. Given that the amended offer came "on the heels of the first," but before any acceptance, the Plaintiff still had plenty of time to consider all her risks and benefits prior to any acceptance. For this reason, this case is inapposite to the Kirkland case cited by the Plaintiff in her email. Kirkland v. Sunrise Opportunities, 200 F.R.D. 159, 160 (D.Me 2001). In the cases where the amended offer came after acceptance, the courts have held that such an amendment is not allowed because the offeree took time to consider all the serious risks of either accepting or rejecting a Rule 68 offer and nevertheless accepted the offer knowing those risks. See Kirkland, 200 F.R.D. at 163; Erdman v. Cochise County, Arizona, 926 F.2d 877, 879 (9th Cir. 1991); Harrell v. Van Der Plas, 2009 WL 1755090 *2 (08-CV-8252, J. Lynch). As the City amended its Rule 68 offer before any acceptance, the Plaintiff did and in fact still does have time to consider

all its risks and the Court must conclude it was a preacceptance clarification that is allowable under the case law. Radecki, 858 F.2d at 402

Finally, the Eighth Circuit also looked to the defendant's potential liability for attorney's fees under the relevant statutes in determining whether the original offer intended to include attorney's fees. Id. That case was brought pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* which makes an award of attorney's fees mandatory to the prevailing party recovering more than nominal damages. As it did not doubt that the plaintiff would be entitled to attorney's fees as part of his recovery, the Court concluded that the defendant would of course "try to limit his exposure to such a significant portion of its total potential liability by including attorney's fees in the amount offered." Id. Likewise, here the Plaintiff brought an action against the City pursuant to a statute that makes attorney's fees mandatory to a prevailing party: 42 U.S.C. § 1983. The City would of course try to limit its exposure and therefore intend any and all offers to be inclusive of attorney's fees.

For these reasons, the City asks that the Court determine that the September 8, 2014, offer was a preacceptance clarification of its original offer of judgment, which intended to include attorney's fees.

2. The Original Offer Of Judgment Filed With The Court Should Be Stricken As There Was No Meeting of The Minds.

Assuming that the September 8, 2014, offer of judgment is a permissible clarification, the offer of judgment filed by the Plaintiff with the Court should be stricken as there is clearly no meeting of the minds with respect to that offer of judgment. For an offer and acceptance to create a binding agreement, there must be an objective manifestation of mutual assent. See 1 A. Corbin, Corbin on Contracts § 107, at 478-479 (1963). "[T]his principle applies to Rule 68 offers and acceptances." Radecki, 858 F.2d at 400. It is clear that the City intended for

attorney's fees to be included in any and all offers, including offers of judgment. This is clarified in the September 8, 2014, offer and judgment and email. Exhibit J. Yet in a follow up email by the Plaintiff's counsel after her client's acceptance of the original offer, she writes that she will be filing a motion for fees and costs incurred to date. Exhibit K. Plaintiff's counsel writes this despite acknowledging that the amended offer, which included attorney's fees, was hand delivered to her the day before. Id. As the Plaintiff's acceptance does not "mirror" the City's offer, there was no mutual assent between the parties. Bentley v. Bolger, 110 F.R.D. 108, 113 (C.D.Ill. 1986); see also Stewart, supra 148 F.3d at 938 (holding that even after judgment has entered following a Rule 68 offer, a court may vacate the judgment if it appears that there has been no meeting of the minds between the parties regarding inclusion of attorney's fees in offer).

## CONCLUSION

For the above named reasons, the City respectfully asks this Court rule that the September 8, 2014, offer is a clarification of its original offer of judgment. Moreover, the City respectfully requests that the Court strike Paper #86 from the docket as the Plaintiff filed the original offer of judgment of which there was no meeting of the minds given the Plaintiff's intent to file a motion for fees and costs incurred to date.

THE CITY OF LAWRENCE RESPECFULLY REQUESTS A HEARING ON THIS MATTER.

Respectfully submitted,

DEFENDANT,
CITY OF LAWRENCE
By its Attorneys

/s/ Raquel D. Ruano
Raquel D. Ruano, BBO 658735
Charles D. Boddy, Jr., BBO# 551197
Office of the City Attorney
200 Common Street, Suite 306
Lawrence, MA 01840
Tel:  (978)-620-3030
Fax:  (978)-722-9150

DATED:    September 11, 2014