UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12039-RWZ

COEURDALENE LAPIERRE

v.

CITY OF LAWRENCE,
CHIEF JOHN ROMERO,
and KEVIN SLEDGE

ORDER

October 1, 2014

ZOBEL, D.J.

Because "Rule 68 offers are basically offers of settlement their provisions should be interpreted according to contract law principles." 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3002, p. 92 (2d ed. 1997). It is hornbook law that for an offer and acceptance to create a binding agreement there must be mutual assent, that is, a "meeting of the minds." This principle applies to Rule 68 offers. See Radecki v. Amoco Oil Co., 858 F.2d 397, 400 (8th Cir. 1988).

It is clear here that there was no meeting of the minds as to whether the September 5, 2014 Offer of Judgment included legal fees. Indeed, plaintiff was on notice of defendant's interpretation of its offer when she purportedly "accepted" the offer, though she understood the terms differently. See Dock. # 91, Plaintiff's Opposition to Defendant City of Lawrence's Motion to Strike. Because a unilateral clarification of an ambiguous

Rule 68 offer prior to acceptance by the offeree may be effective, see Radecki, 858 F.2d at 402, "we cannot hold the parties to a contract they never made." Id. at 403.

Defendant's motion to strike (Dock. # 87) is therefore ALLOWED.


|  October 1, 2014  | /s/Rya W. Zobel |
|  DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |