UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12039-RWZ

COEURDALENE LaPIERRE

v.

CITY OF LAWRENCE, *et al.*

MEMORANDUM OF DECISION

March 26, 2015

ZOBEL, D.J.

I.  **Background**

This action arises from Officer Kevin Sledge's sexual assault and rape of the plaintiff, Coeurdalene LaPierre. LaPierre brings this suit against Sledge,[1] the City of Lawrence, and Lawrence's Police Chief John Romero, under 42 U.S.C. § 1983, for alleged violation of her civil rights. Romero (Docket # 68) and the City (Docket # 72) moved separately for summary judgment.

II. **Facts**

On the evening of September 25, 2008, LaPierre went out with a group of friends for a birthday celebration that stopped at several bars and restaurants in Lawrence.

---

[1] Sledge failed to answer the complaint. Notice of default was entered 10/30/12. See Docket # 22.

Before and during this celebration, she consumed large amounts of alcohol and became heavily intoxicated over the course of the evening. At some point, LaPierre became separated from her friends. While walking to find them, she dropped her cell phone, which broke.  LaPierre accepted a ride from a group of strangers to a nearby garage and then went across the street to a local restaurant, Serena's, to call her friends.

Sledge was working the 1:00 a.m. to 9:00 a.m. shift as the booking officer on September 26, 2008.  At roughly 1:45 a.m., Sledge indicated to a civilian dispatcher that he was leaving the station for about ten minutes and proceeded to drive in his personal vehicle to Serena's restaurant.  Outside the restaurant, Sledge approached LaPierre and asked why she was out so late, drunk and alone. LaPierre explained the situation; Sledge then told her that he would bring her back to the police station in his personal car, a silver Jaguar, so that she could get in touch with her friends from there. As Sledge drove LaPierre back to the police station, she fell asleep in his car.

Sledge parked his car outside the police station while LaPierre remained in the car for some time, sleeping and waking up intermittently. She recalls waking up several times to find Sledge touching or fondling her in an unwelcome manner. She also recalls waking up once to find Sledge on top of her and thrusting himself onto or into her, and waking up again with her pants down and Sledge's hand inside of her. Video surveillance at the police station shows Sledge leaving the building and walking towards his car approximately five times over the course of the night.

2

**III.	Standard of Review**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering whether or not a genuine issue of material fact exists, the court "must view the evidence in the light most favorable to the opposing party."  <u>Tolan v. Cotton</u>,134 S. Ct. 1861, 1866 (2014).  Only if "a reasonable jury, drawing favorable inferences, could resolve [the motion] in favor of the nonmoving party" is the dispute genuine.  <u>See</u> <u>Travers v. Flight Sers. & Sys., Inc.</u>, 737 F.3d 144, 146 (1st Cir. 2013).

**IV.	Analysis**

"Establishing that the defendant acted 'under color of state law' is one of two essential requirements for an action under section 1983, which imposes liability only for conduct attributable to the state."  <u>Zambrana-Marrero v. Suarez-Cruz</u>, 172 F.3d 122, 125 (1st Cir. 1999).  "Private violence—even private violence engaged in by one who happens to work for the state—has different legal ramifications than violence attributable to state action."  <u>Parrilla-Burgos v. Hernandez-Rivera</u>, 108 F.3d 445, 449 (1st Cir. 1997) (upholding grant of summary judgment for police officer's fatal shooting of bar patron in fight).  "[W]hether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties. ... [t]he key determinant is whether the actor, at the time in question, purposes to act in an official capacity or to exercise

official responsibilities pursuant to state law." Id.; see Zambrana-Marrero, 172 F.3d at 125-128 (collecting cases).

On the record before me, even if Sledge was acting "under color of law" when he took a drunk citizen, Ms. LaPierre, to the police station in his personal car, there is no evidence that his purpose was "to act in an official capacity or to exercise official responsibilities," Zambrana-Marrero, 172 F.3d at 128, when he repeatedly returned to his car to assault and rape the plaintiff. Indeed, when he left the plaintiff in his unlocked car to start his shift, he did nothing to report a drunk woman in need of aid. He then repeatedly abandoned his duty station, left the department's compound, and entered his car to sexually assault the plaintiff, without invocation of his status as a police officer or any threat of force. The fact that Sledge was in uniform during his crime does not change these facts.

Kevin Sledge's conduct in this case was predatory and monstrous, but it was also his own *private* conduct. Because his superiors and the city that employed him cannot be liable under section 1983 for the purely private conduct of their employees, no matter how egregious, defendants' motion for summary judgment is ALLOWED as to Count II.

## V. Conclusion

Defendants' motions for summary judgment (Docket ## 68 and 72) are ALLOWED.

The remaining counts of the complaint were waived by plaintiff's counsel at the hearing on this motion on November 5, 2014, and are therefore DISMISSED.

4

March 26, 2015                                    /s/Rya W. Zobel          
              DATE                                         RYA W. ZOBEL
                                                   UNITED STATES DISTRICT JUDGE